UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 02:03-CR-00500-LRH-LRL |
| ) | |
| vs. ) | ORDER FOR PREPARATION OF |
| ) | JURY INSTRUCTIONS |
| LANCE MATTHEW MALONE, MARY ) | |
| KINCAID CHAUNCEY, and DARIO ) | |
| HERRERA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The parties shall submit proposed jury instructions as follows:

    (a)    The parties shall jointly submit one set of agreed upon instructions. To accomplish this, the parties shall serve their proposed instructions on each other two weeks prior to trial. The parties shall then meet, confer, and submit to the court one complete set of agreed upon instructions.

    (b)    If the parties cannot agree upon one complete set of instructions, they shall submit one set of those instructions that have been agreed upon, and each party shall submit a supplemental set of instructions that are not agreed upon.

    (c)    No later than two (2) days before trial, each party shall file any objections to the non-agreed upon instructions proposed by the other party. All objections shall be in writing and shall set forth the proposed instruction objected to in its entirety. The objection should specifically set forth the objectionable material in the proposed instruction. The objection shall contain citation to authority explaining why the instruction is improper and a concise statement of argument concerning the instruction. Where applicable, the objecting party shall submit an alternative instruction.

    (d)    The parties shall submit the proposed joint set of instructions and proposed supplemental instructions in the following format:

        (i)    there must be two (2) copies of each instruction;

   (ii) the first copy shall be annotated with the authority supporting the instruction;

   (iii) the second copy shall contain <u>only</u> the proposed instruction – there should be no other marks or writings on the second copy except for the words "Jury Instruction No. ___" in the bottom margin. (See Attachment 1, attached hereto.)

 (e) On the day of trial the parties may submit a concise argument in support of proposed instructions to which the other party objected.

 (f) All instructions should be short, concise, understandable, and <u>neutral</u> statements of law. Argumentative or formula instructions are improper, will not be given, and should not be submitted.

 (g) Any modifications of instructions from statutory authority, the Ninth Circuit Manual of Model Jury Instructions, or any other model instructions, must specifically state the modification made to the original source and the authority supporting the modification.

 (h) Counsel shall submit to the court, using WordPerfect software, proposed jury instructions, either on:

   (i) 3-1/2" diskette(s), or

   (ii) by email addressed to sheila_lund@nvd.uscourts.gov.

DATED this 19th day of January, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

## ATTACHMENT 1

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you.

1. Questions and objections are not evidence. You should not be influenced by the court's ruling on them.

2. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION NO. _____