UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 02:03-CR-00500-LRH-LRL |
| ) | |
| v. ) | |
| ) | ORDER |
| MARY KINCAID-CHAUNCEY and DARIO ) | |
| HERRERA, ) | |
| ) | |
| Defendants. ) | |

Presently before the court is Dario Herrera's ("Herrera") Motion to Set Aside the Verdicts and Enter Judgments of Acquittal (# 412[1]), which has been joined (# 413) by Mary Kincaid-Chauncey ("Kincaid-Chauncey"). The United States of America has filed an opposition (# 418), and Herrera replied (#439).

**I. Factual Background**

On May 5, 2006, Herrera, a former member of the Las Vegas County Commission, was convicted of one count of conspiracy to commit honest services wire fraud (Count 1), ten counts of wire fraud (Counts 3, 5, 6, 7, 9, 10, 12, 16, 17, and 19), and six counts of extortion under color of official right (Counts 26, 27, 28, 29, 31, and 32). (May 5, 2006, Minutes of Proceedings (# 405).) On that same date, Kincaid-Chauncey, also a former member of the Las Vegas County

---

[1] Refers to the court's docket number.

Commission, was convicted of one count of conspiracy to commit honest services wire fraud (Count 1), nine counts of wire fraud (Counts 4, 8, 11, 13, 14, 15, 17, 18, and 19), and three counts of extortion under color of official right (Counts 21, 22, and 24). *Id*. These convictions followed a two month jury trial in which the United States presented evidence showing that Herrera and Kincaid-Chauncey had a corrupt relationship with the owner of several Las Vegas strip clubs, Michael Galardi. On May 16, 2006, Herrera filed a motion to set aside the verdicts and enter a judgment of acquittal. Kincaid-Chauncey joined in that motion on May 17, 2006.

## II. Legal Standard

Rule 29 of the Federal Rules of Criminal Procedure permits a defendant to file a motion for judgment of acquittal "within 7 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction. Fed. R. Civ. P. 29. In reviewing the sufficiency of the evidence, the court must "determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*. at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)).

## III. Discussion

In the present motion, Herrera seeks judgments of acquittal on all of the charges to which he was convicted. However, the focus of Herrera's motion relates to his convictions for violating the Hobbs Act, 18 U.S.C. § 1951. In opposition to the motion, the Government argues that the evidence in this case supports convictions on each count.

### A. Dario Herrera

**1. The Hobbs Act** (Counts 26, 27, 28, 29, 31, and 32**)**

Herrera's principle argument focuses on counts twenty-six through twenty-nine.

1  Specifically, Herrera argues that the facts shown at trial differ materially from the allegations
2  contained in the indictment.  As a result, Herrera argues, he was convicted on a set of facts that
3  were distinctly different from the facts set forth in the indictment.  The Government, on the other
4  hand, argues that the evidence supports Herrera's convictions as to his solicitation and receipt of
5  money.  Alternatively, the Government argues that any deviation from the proof at trial and the
6  charges in the indictment constitutes a permissible variance.

7  The grand jury clause of the Fifth Amendment gives a criminal defendant the right to be
8  tried only on the grand jury's indictment.  *United States v. Olson*, 925 F.2d 1170, 1175 (9th Cir.
9  1991) (citing *United States v. Miller*, 471 U.S. 130, 134 (1985)).  "After an indictment has been
10 returned and criminal proceedings are underway, the indictment's charges may not be broadened by
11 amendment, either literal or constructive, except by the grand jury itself."  *United States v.
12 Adamson*, 291 F.3d 606, 614 (9th Cir. 2002) (citations omitted).  "This requirement serves the
13 notice-related functions of protecting against unfair surprise, enabling the defendant to prepare for
14 trial and permitting the defendant to plead the indictment as a bar to later prosecutions."  *Olson*,
15 925 F.2d at 1175.

16 "An amendment of the indictment occurs when the charging terms of the indictment are
17 altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed
18 upon them."  *Adamson*, 291 F.3d at 614 (citations omitted).  "A variance, on the other hand, occurs
19 when . . . the evidence offered at trial proves facts materially different from those alleged in the
20 indictment."  *Id.* (citations and internal quotations omitted).  The distinction between a variance
21 and a constructive amendment is important because, "whereas a constructive amendment always
22 requires reversal, 'a variance requires reversal only if it prejudices a defendant's substantial
23 rights.'"  *Id.* (quoting *Olson*, 925 F.2d at 1175).

24 With respect to the Hobbs Act counts, the Second Superseding Indictment alleges that
25 Herrera "under color of official right, unlawfully obtained money from Galardi with his consent, for
26

3

the benefit of Herrera." (Second Superseding Indictment (# 180) at 27.)  Therefore, Herrera argues that a fatal variance occurred because the evidence with respect to counts twenty-six through twenty-nine involved his receipt of things other than money.

Count twenty-six involved Herrera's receipt of lap dances from dancer Melissa Schoff on March 15, 2001. The evidence showed that Herrera requested that Galardi pay for the dances and that Schoff was paid $400.  Similarly, the evidence with respect to Counts twenty-eight and twenty-nine showed that Herrera, on two occasions, demanded money in order to pay for lap dances and drinks.

With respect to counts twenty-six, twenty-eight, and twenty-nine, the court finds that the allegations contained in the indictment are consistent with the evidence presented at trial.  The evidence presented at trial showed that Herrera received services and then requested or demanded that Galardi pay for those services.  The fact that Herrera may not have directly been given money is irrelevant when considering the fact that he demanded and/or requested that Galardi pay for the services he had already received.

To the extent any minor differences exist between the indictment and the evidence, the court finds that those difference are, at most, an insignificant variance.  Although the indictment charges Herrera with unlawfully obtaining money, the overt acts in support of that charge, along with the factual allegations in support of those acts, are directly set forth in the indictment. (Second Superseding Indictment (# 180) at 4-24, 28.)  Therefore, the Second Superseding Indictment appropriately notified Herrera of the charges to allow him to prepare for trial and will serve as a bar to later prosecutions. *See Olson*, 925 F.2d at 1175.

Count twenty-seven of the Second Superseding Indictment involved a Spring 2001 golf trip that was paid for by Galardi in which Galardi also brought a woman, Vanessa Baca, to "entertain" Herrera.  Viewing the evidence in support of this allegation in the light most favorable to the prosecution, the court finds the evidence insufficient to sustain a conviction on this charge.   The

4

1  evidence in support of this charge shows that Galardi contacted Herrera and stated, "Hey, let's go
2  golfing, I'll bring some women out for you." (Government's Opp'n to Def. Herrera's Mot. to Set
3  Aside the Verdicts (# 418), Ex. 3., Testimony of Galardi at 106-07.)  The evidence further showed
4  that the sexual encounter between Herrera and Ms. Baca was a spontaneous event unrelated to the
5  money she was being paid for being at the golf outing.

6  Furthermore, unlike counts twenty-six, twenty-eight, and twenty-nine, there is no evidence
7  that Herrera demanded payment from Galardi or even knew that Ms. Baca was being paid by
8  Galardi.  In light of this evidence, the court finds that a conviction for a violation of the Hobbs Act
9  cannot be sustained.  *See Jackson*, 443 U.S. at 319.  Therefore, the court will grant Herrera's
10 motion with respect to count twenty-seven.

11 With respect to the remaining Hobbs Act counts, counts thirty-one and thirty-two, Herrera
12 argues that these charges should be set aside because the evidence is insufficient to sustain the
13 convictions.  Specifically, Herrera points to the testimony of Galardi where Galardi indicated that
14 he did not believe that he was being extorted by Herrera.  In opposition, the Government argues
15 that Galardi's belief as to whether he was being extorted is irrelevant because the statute does not
16 require that the victim feel like he was being extorted.  The court agrees with the Government.
17 Regardless of whether Galardi felt like he was being extorted, the evidence presented at trial
18 supported the jury's verdict.

19 **2. Wire Fraud (Counts 3, 5, 6, 7, 9, 10, 12, 16, 17, and 19)**

20 In addition to the argument presented above, Herrera summarily states that the Government
21 did not demonstrate that he accepted anything of value with the intent to be influenced.  The court
22 disagrees.  At the close of all evidence, the court carefully instructed the jury with respect to the
23 elements it must find in order to convict Herrera of Honest Services Wire Fraud.  Jury Instruction
24 Number 26 specifically explained to the jury that the a public official defrauds the public if he
25 accepts something of value with an intent to be influenced.  (Jury Instructions (# 396), Instruction
26

5

26.) Nowhere was the jury instructed that it could return a verdict of guilty upon a finding that Herrera accepted something of value without an intent to be influenced. Absent extraordinary situations, the court presumes that the jury follows its instructions. *Tak Sun Tan v. Runnels*, 413 F.3d 1101, 1115 (9th Cir. 2005). The court has examined the record and finds no basis for concluding that the jury convicted Herrera upon a legally insufficient theory of wire fraud. Furthermore, looking at the evidence in the light most favorable to the Government, the court finds that the evidence was sufficient to sustain a conviction.

### B. Mary Kincaid-Chauncey

On May 17, 2006, Kincaid-Chauncey filed a motion to join in Herrera's motion without providing any argument to support acquittal of her convictions, which are based on facts distinct from those of Herrera. Nevertheless, the court has examined the evidence in the light most favorable to the Government and finds the evidence sufficient to support her convictions.

First, there can be no doubt that Kincaid-Chauncey's convictions for violations of the Hobbs Act involved the receipt of money. In count twenty-one, Kincaid-Chauncey was charged with obtaining money on August 2, 2001. In count twenty-two, Kincaid-Chauncey was charged with receiving $5,000 in cash at her home on October 24, 2001. Finally, in count twenty-four, Kincaid-Chauncey was charged with receiving $4,000 on or about June or July 2002. The evidence presented at trial fully conforms with the charges contained in the Second Superseding Indictment. Therefore, the court finds no variance between the evidence presented at trial and the charges contained in the Indictment. In addition, the court finds the evidence sufficient to sustain Kincaid-Chauncey's wire fraud convictions.

///

///

///

///

1    IT IS THEREFORE ORDERED that Herrera's Motion to Set Aside the Verdicts and Enter Judgments of Acquittal (# 412) is hereby GRANTED in part and DENIED in part. Herrera's motion is granted with respect to count twenty-seven. Herrera's motion is denied in all other respects.

IT IS FURTHER ORDERED that Kincaid-Chauncey's Motion to Set Aside the Verdicts and Enter Judgments of Acquittal (# 413) is hereby DENIED.

IT IS SO ORDERED.

DATED this 27th day of July, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE